UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLORENZO MACK GRIFFIN,<br><br>             Plaintiff,<br><br>      v.<br><br>SCOTT JONES, et al.,<br><br>             Defendants. | No.  2:15-cv-1959-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

### III. Screening Order

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be dismissed for failure to state a claim. The complaint names defendants Sheriff Scott Jones, Captain Andris, and Deputy Mattoon, and the allegations consist of the following:

> On several occasions I inmate Clorenzo M. Griffin, who is pro-se in this matter, have made several request to use the Sacramento County Mail Jail's Law Library to assist my attorney in my federal criminal case.
>
> On all occasions I have been denied due process. Both my constitutional and civil rights have been denied under the Constitution of the U.S.
>
> I am seeking $75,000 in damages and the right to use the law library.

ECF No. 1 at 1.

Plaintiff's allegations imply a claim that he has been denied his right of access to the courts. To establish a violation of the right of access to the courts, a prisoner must establish that he has suffered an actual injury. *See Lewis v. Casey*, 135 L. Ed. 2d 606 (1996). To prove "actual injury," a prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 2180. A prisoner who is represented by counsel "has no constitutional right of access to legal materials." *United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990); *see also Keenan v. Hall*, 83 F.3d 1083, 1093-94 (9th Cir. 1996) (prison inmates have a constitutional right to either assistance of a lawyer, or access to a law library).

Since plaintiff was represented by counsel, he had no right of access to legal matters with regard to his federal criminal case. Thus, plaintiff's allegation that he was denied access to the library in order to assist his attorney in his federal criminal case fails to state a claim upon which relief could be granted. Because the deficiencies in plaintiff's claim cannot be cured by further amendment, the complaint is dismissed without leave to amend. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th

Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

**IV.   Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 2, 7) is granted.
2. This action is dismissed for failure to state a claim and the Clerk is directed to close the case.

DATED:  December 8, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE